HERMENEGILDO MÉNDEZ, Plaintiff and Appellant, *v.* GUILLERMO VALENTÍN, Defendant and Appellee.

No. 7712. Argued November 18, 1938.—Decided June 21, 1939.

*Ildefonso Freyre,* for the appellant. *P. Baigés Gómez,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Ambrosio Battle Morella was the owner of a piece of land in the ward, of Mayagüez Arriba, Mayagüez, P. R. In 1914 he executed a mortgage to Hermenegildo Méndez, the plaintiff in this case, for $200, and in 1915 made a second mortgage in favor of the plaintiff for $150. On or about the year 1915 the plaintiff acquired a piece of property of eight and one half acres (*cuerdas*) from Ambrosio Battle for the payment of the mortgages which property is recorded in the plaintiff's name in the Registry of Property of Mayagüez.

In 1911 or 1912, before the execution of the mortgages, when Ambrosio Battle was still owner of the property in question, he allowed Guillermo Valentín to acquire possession of a small piece of land or else he actually donated it to the said Guillermo Valentín. The land of which Valentín acquired possession measured about 354 meters. Shortly after, Guillermo Valentín built a house on said property, fenced the land and claimed possession thereof as owner No public document was drawn up and no record appears in the registry of property. Neither in the first nor second deed of mortgage mention is made of Battle's donation to Valentín.

Hermenegildo Méndez brought a suit in unlawful detainer against Guillermo Valentín. Méndez disclaims all right or title in the house and even offered Valentín $10 therefor, which Valentín somewhat reluctantly admits was the fact. It likewise appears that when Hermenegildo Méndez acquired the property by purchase from Ambrosio Battle he knew that the defendant Guillermo Valentín was living on the property.

██ The court below decided that the defendant had a claim of homestead in the house from which the plaintiff sought to oust the defendant and hence there was a conflict of titles which should not be decided in an unlawful detainer suit. We quite agree with the appellant that mere averment

of the right of homestead would not cause a conflict of titles to arise. The law is perfectly clear that in order to create a donation of real property a deed is necessary. The fact that Guillermo Valentín was living on the premises gave the plaintiff no notice that defendant had any right and title thereto. The court, moreover, held that the plaintiff was the owner of the land, but nevertheless, saw a conflict of titles by reason of the claim of homestead. The court holds that a donation can not rise by word of mouth and that there must be a written title.

 It is specially to be noted that the plaintiff in this case disclaims all right to the house, that the defendant may take it away whenever he gets ready. What, however, the plaintiff wants is the possession of the land that he acquired by deed from the former owner.

This is a case where the ownership of the house was admitted and the defendant had a right to take it away. No conflict of titles arose because the plaintiff claims no title to the house. We know of no case where a right of homestead arises in a house alone, and, if anything at all, legally that was all the defendant held. Méndez had the right to suppose that he was acquiring land on which there might be tenants. Mere tenancy, however, does not create a right of homestead and from an examination in the registry it did not appear that there was any title in favor of the defendant. The latter, it is true, based his claim on the ground that he was living on the land for about 25 years, but acts merely tolerated do not give rise to title. For an acquisitive possession the claim must be founded on a just title. The law of unlawful detainer should prevail and the defendant ousted from the premises in accordance therewith.

The judgment should be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case. Mr. Justice Hutchison dissented.